**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| T. Terell Bryan, | No. CV 10-1601-PHX-RCB (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Defense Technology U.S., et al., | |
| Defendants. | |

Plaintiff T. Terell Bryan, who is confined in the Broad River Correctional Institution in Columbia, South Carolina, has filed a *pro se* Complaint and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Failure to File Complaint on Court-Approved Form

Pursuant to Local Rule of Civil Procedure 3.4(a), "[a]ll complaints and applications to proceed *in forma pauperis* by incarcerated persons shall be signed and legibly written or

**JDDL**

typewritten on forms approved by the Court." Plaintiff has not filed his Complaint on the court-approved form and the Court is unable to determine the precise number and nature of Plaintiff's claims. The Court will therefore dismiss the Complaint and grant Plaintiff 30 days to file an amended complaint on the court-approved form.

Plaintiff must clearly designate on the face of the document that it is a "First Amended Complaint." Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

An amended complaint supersedes the original Complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint will be treated as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not raised in the amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff should note that pursuant to 28 U.S.C. § 1391(b), a civil action in which jurisdiction is not based on diversity of citizenship may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff names the following Defendants in the Complaint: Defense Technology U.S.; United States Attorney; Inmate Grievance Coordinator of Perry Correctional Institution Miriam Cocciolone; and Inmate Grievance Administrator James Simmons. Plaintiff appears to raise claims related to the use of pepper spray or mace. It appears that the incidents about which Plaintiff complains occurred outside Arizona and that at least three of the named Defendants reside outside Arizona. To the extent that Plaintiff intends to raise civil right claims, venue is not appropriate in this Court. To the extent that Plaintiff may be attempting to base his claims in the Court's diversity jurisdiction, he has not alleged sufficient facts

about the citizenship of any Defendant for the Court evaluate whether it has jurisdiction in this case.

**III. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

JDDL

(3) The Complaint (Doc. 1) is **dismissed** for failure to file on the court-approved form. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 31st day of August, 2010.

Robert C. Broomfield
Senior United States District Judge