**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| T. Terell Bryan, | No. CV 10-1601-PHX-RCB (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Defense Technology U.S., et al., | |
| Defendants. | |

Plaintiff T. Terell Bryan, who is confined in the Broad River Correctional Institution in Columbia, South Carolina, filed a *pro se* Complaint and an Application to Proceed *In Forma Pauperis*. On September 1, 2010, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend.

In its screening Order, the Court informed Plaintiff that his Complaint must be filed on a court-approved form. The Court also noted that venue may not be proper in this Court because it appears that the incidents about which Plaintiff complains occurred outside Arizona and that at least three of the named Defendants reside outside Arizona. The Court gave Plaintiff 30 days to file an amended complaint on the court-approved form.

**I.   Plaintiff's "Reply" to Screening Order**

On September 24, 2010, Plaintiff filed a "Reply" (Doc. 7). Plaintiff's "Reply" in no way complies with the requirements of the Court's September 1, 2010 screening Order. In that Order, Plaintiff was informed that he must raise his claims in an amended complaint on a court-approved form. Plaintiff was also advised that any amended complaint **must be**

**JDDL**

**retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.** There is presently no complaint pending before the Court and Plaintiff's attempt to simply address venue and jurisdiction problems by filing a one-page "Reply" is not sufficient. The Court will grant Plaintiff an additional 30 days to file an amended complaint that complies with the September 1, 2010 screening Order.

An amended complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint will be treated as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not raised in the amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

1     **D.**     **Possible Dismissal**

2     If Plaintiff fails to timely comply with every provision of the September 1, 2010
3 Order, or this Order, including these warnings, the Court may dismiss this action without
4 further notice. See Ferdik, 963 F.2d 1260-61(a district court may dismiss an action for
5 failure to comply with any order of the Court).

6 **IT IS ORDERED:**

7     (1)     Plaintiff has **30 days** from the date this Order is filed to file a first amended
8 complaint in compliance with the September 1, 2010 Order.

9     (2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
10 Court must, without further notice, enter a judgment of dismissal of this action without
11 prejudice.

12     (3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
13 rights complaint by a prisoner.

14     DATED this 16th day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge